IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTHONY OLIVER,

    Plaintiff,

v.

LARRY A. PELUSO and JOSEPH R. BOLTON,

    Defendants.

CIVIL ACTION NO.: 4:20-cv-257

**O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's December 1, 2020, Report and Recommendation, (doc. 18), to which Plaintiff has not filed an objection. For the following reasons, the Court **ADOPTS** the Report and Recommendation as its opinion and amends the filing restrictions currently applicable to plaintiff. Accordingly, plaintiff's motion to suspend those restrictions is **GRANTED, IN PART, AND DENIED, IN PART**. (Doc.19.)

Plaintiff has moved for the Court to suspend filing restrictions imposed in Oliver v. Lyft, Inc., 2019 WL 5388472, at *2 (S.D. Ga. Sept. 13, 2019). (Doc. 19.) He alleges that, while he is incarcerated, such restrictions, particularly the requirement that he post a $1,000 contempt bond, operate to completely bar his access to the federal courts. (Id. at 2–3.) The Magistrate Judge has recommended that the motion be granted and that, for the period of Plaintiff's incarceration, the contempt bond be suspended in favor of the conditions of the Prison Litigation Reform Act, 28 U.S.C. § 1915. (Doc. 18, p. 6.)

Accordingly, the Court **ADOPTS** the Report and Recommendation (doc. 18) as its opinion. The restriction requiring plaintiff to post a $1,000 contempt bond is **SUSPENDED** for the period of Plaintiff's incarceration in cases in which he proceeds *in forma pauperis*. In all other cases filed during his term of incarceration—including those removed from state court—Plaintiff may apply to have the bond requirement waived. The motion for waiver must be supported by a sworn affidavit declaring his indigency and inability to remit payment. The affidavit must include the language: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746. The motion must also be accompanied by a copy of Plaintiff's prisoner trust account. During the pendency of Plaintiff's motions to proceed *in forma pauperis* or waive the bond, the bond requirement shall be suspended. These deviations from the filing restrictions imposed in <u>Oliver v. Lyft, Inc.</u>, 2019 WL 5388472, at *2 (S.D. Ga. Sept. 13, 2019) are applicable only to cases filed while Plaintiff is detained or incarcerated. All other filing restrictions remain in place.

Plaintiff filed two motions to proceed *in forma pauperis* prior to this case being transferred from the Northern District of California. (Doc. 4; doc. 9.) These motions were terminated by Judge Ryu's transfer order. (Doc. 14.). Within 14 days of this Order, Plaintiff is **DIRECTED** to either refile his motions to proceed *in forma pauperis* or pay the necessary filing fee. The Clerk of Court is **DIRECTED** to include with this Order a copy of the Application to Proceed in District Court without Prepayment of Fees or Costs from (AO240).

During the pendency of this case before the Northern District of California, Plaintiff consented to the jurisdiction of a magistrate judge for plenary disposition. (Doc. 7.) As the circumstances of this case, including the assigned magistrate judge, were impacted by its transfer to this District, Plaintiff is **DIRECTED** to ratify his continued consent within 14 days of this

2

Order.  The Clerk of Court is **DIRECTED** to include with this Order a copy of the Court's Statement Regarding Assignment to Magistrate Judge.

    **SO ORDERED**, this 16th day of February, 2021.

                        R. STAN BAKER
                        UNITED STATES DISTRICT JUDGE
                        SOUTHERN DISTRICT OF GEORGIA